UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Subway International BV

"Plaintiff"

VS.

Case No. 3:10-cv-1715

Panayota Bletas

January 28th, 2011

"Defendant"

## MOTION TO TRANSFER

### CASE TO ANOTHER STATE COURT

Defendant moves this Court "pro se" pursuant to Local Rule 83.7 to transfer this case to another State Court, and specifically to the Supreme Court of the State of New York, the County of New York (Special Proceedings – Article 75 Arbitration) that has jurisdiction in this case before the Honorable Judge of the Supreme Court Alice Schlesinger under Index No. 116156-10.

On September 10th, 2010 Defendant filed a Petition to Vacate the Final Arbitration Award dated August 11th, 2010 issued in the State of New York  by Arbitrator John Holsinger, before the Supreme Court of New York for the County of New York, in accordance to paragraph 10 of the Federal Arbitration Act (Title 9), which states : "…*in any of the following cases the United States court **in and for the***

***district wherein the award was made may make an order vacating the award upon the application** of any party to the arbitration ...."*

On December 9th, 2010 an order was issued denying the petition due to improper service and lack of merit.

Defendant, due to newly discovered evidence, joint actions with another case pending in New York and reserved the petition and all exhibits to Plaintiff by State Marshall Robert M. Hardiman, under a new Index No. 116156-10 and requested under CPLR 2217 that the case be remitted to the same Judge Alice Schlesinger, which was granted.

Plaintiff, Subway International BV, as stated thoroughly in our Reply to Application to Confirm, upon FRAUD of both the Plaintiff and its Attorney Kristin Corcoran, as she had acknowledged receipt of the documents filed in New York in her e-mail dated October 4th, 2010, FILED AN ACTION IN THE DISTRICT OF CONNECTICUT TO CONFIRM THE AWARD despite the fact that a petition between the same parties was pending to be vacated in the State of New York!!!!!!!!!!!!!!!!!!!!!!!!!

It must be taken into consideration that a relevant case pending before this Court under Case No. 3:10-cv-1713 between Subway International Bv Vs. Ornela Cere was also brought to this Court upon FRAUD, and PROVEN FRAUD SINCE AN ORDER WAS ISSUED IN THE STATE OF NEW YORK ON NOVEMBER 29TH, 2010 by Honorable Judge Martin Schoenfeld (Index No. 111998-10 : Ornela Cere Vs Subway International BV), that vacated the award, pending upon fraud to this court to be confirmed, dated August 2nd, 2010 issued in the city of New York by Arbitrator Edna

Sussman, ON THE GROUNDS OF FRAUD, TAX FRAUD, PERJURY, FORGERY, CORRUPTION and MISCONDUCT.

Wherefore, I request the Honorable Judge due to clear lack of jurisdiction and UPON FRAUD in this case and in accordance to Local Rule 83.7 and paragraph 10 of the Federal Arbitration Act (Title 9) to:

3) Transfer this case due to lack of jurisdiction to the State of New York, and particularly to the Supreme Court of the State New York, of the County of New York at 60 Centre Str, New York, NY (Special Proceedings – Article 75 Arbitration) under the pending Index No. 116156-10 between : 1) Panayota Bletas and 2) Panayota Bletas and John Bletas Vs. Subway International BV, to be heard before the Honorable Judge of the Supreme Court Alice Schlesinger, and

4) Pursuant to Local Rule 83.7 (2) all the original pleadings and other papers on file in this case be transferred by the Clerk of this Court in order to be filed before the Supreme Court of New York under Index. No. 116156-10.

Respectfully Submitted,

Panayota Bletas

"Pro Se Litigant"

Laskareos 48, 114 72 Athens Greece

011302106432010

ajmanolis@hotmail.com

**cc. Chambers of Honorable Judge**

   **Alice Schlensinger**

  **Supreme Court of New York**

  **County of New York**

 **60 Centre Str., New York, NY**

## CERTIFICATE OF SERVICE

This is to certify that on January 29th, 2011 a copy of the foregoing Motion to
Transfer Case to another State Court dated January 28th, 2010 was served by and via
e-mail to Bethany Appleby, Attorney on behalf of Subway International BV, Legal
Department, Doctor's Associate Inc, 325 Bic Drive, Milford CT, 06461.

Panayota Bletas

Laskareos 48

11472 Athens Greece

011306937464545

Panayota Bletas

INDEX NO.: 116156-2010
PLAINTIFF: BLETAS, PANAYOTA
DEFENDANT: SUBWAY INTERNATIONAL B.V.
CASE STATUS: ACTIVE
ACTION: ARTICLE 75 (ARBITRATION)
LAST UPDATE: 01-29-2011 3:00PM
JUSTICE: PAUL WOOTEN

SEARCH AGAIN : [                    ]  Search

Home / SCROLL / CASE DETAILS

**KEY TO LINKS BELOW**

**COUNTY CLERK INFORMATION**
FULL CAPTION
COUNTY CLERK MINUTES
CC - CIVIL INDEX INQUIRY
LOCATE FILES

**COURT INFORMATION**
CASE CAPTION
CASE INFORMATION
ATTORNEYS
APPEARANCES
MOTIONS
COMMENTS
ASSIGNED JUSTICE



| CATEGORY | DATE SCANNED | CLICK TO OPEN FILE | SEQUENCE NUMBER |
|---|---|---|---|
| Notice of Motion | 01/12/2011 | | 001 |
| Notice of Motion | 01/04/2011 | | 001 |
| Order to Show Cause | 01/14/2011 | | 002 |
| Request for Judicial Intervention | 01/07/2011 | | - |
| Petition | 12/14/2010 | | - |

Documents that have been entered into the minutes of the County Clerk bear a stamp stating "Filed," followed by the date of filing (entry date) and the words "New York County Clerk's Office." Except in matrimonial cases (documents for which are not included in Scroll), judgments are not entered by the County Clerk until an attorney for a party to the case appears at the Judgment Clerk's desk (Rm. 141B at 60 Centre Street) and requests entry. Copies of unfiled judgments bearing a stamp stating "Unfiled Judgment" and a notice to counsel may be found in Scroll. For technical reasons, some long form orders or other documents that were scanned in the early phase of this project may be categorized here as a "Decision."

BACK    NEW SEARCH

60 Centre Street, New York NY 10007
Copyright © 2006 Unified Court System

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------x

In the Matter of the Application of
1) PANAYOTA BLETAS
2) PANAYOTA BLETAS & JOHN BLETAS
[fill in name(s)]
                                          Petitioner(s)

- against -

SUBWAY INTERNATIONAL BV

_____

_____
[fill in name(s)]
                                          Respondent(s),

-----------------------------------------------------------x

**Index Number**

116156 - 10

**VERIFIED PETITION**

TO THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK:

The petition of _Panayota Bletas and John Bletas_ [your name] respectfully
shows to this Court as follows:

1. Petitioner resides at _Laskareos 48, 114 72 Athens_
_Greece_
_____ [your address]

2. The respondent(s) is/are [identify the respondent(s)] _SUBWAY INTERNATIONAL_
_BV (FRANCHISE WORLD HEADQUARTER'S) LEGAL DEPARTMENT_
_DOCTOR'S ASSOCIATE INC., 325 BIC DRIVE, MILFORD_
_CT 06461_

3. [Describe what you are requesting. Add more pages if needed. If you are appealing
the decision of a government agency, give the date and outcome of the final determination.
Explain why this Court should reverse that decision.] _See Attached on_
_the back both Petitioner's Memorandum of Law in_
_Support of their motion/petition to vacate_
_both awards of Arbitrator._

4. Attached are copies of all relevant documents. **[Attach the decision you are asking the court to reverse as Exhibit A. Attach any other documents as Exhibit B, Exhibit C, and so on. List additional Exhibits on separate page.]**

Exhibit A - 1) "SEE EXHIBIT BINDER SUBMITTED
Exhibit B - with Petition and verified Petition,
Exhibit C -
Exhibit D - 2) Affidavit of Dorotheos Mofidis
Exhibit E -

5. A prior application *has not / has* **[circle one]** been made for the relief now requested. **[If you made this application before in this or any other court , describe where, when, the result and why you are making it again.]** _____

SUPREME COURT OF THE STATE OF NEW YORK

## COUNTY OF NEW YORK

In the matter between:

1) Panayota Bletas

2) John Bletas

Subway Store #33926#

Athens, Greece

« Petitioner's »

Vs.

September 10th, 2010

Subway International B.V

Doctor's Associate Inc.

325 Bic Drive,

Milford, CT 06461 U.S.A

"Respondent"

## PETITIONER'S PANAYOTA BLETAS AND JOHN BLETAS

## MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION

## TO VACATE A FINAL AWARD OF ARBITRATOR

Subway International BV entered into a franchise agreement with Panayota Bletas and John Bletas on March 31st, 2004.

Subway International BV, hereby referred as "Respondent", filed a Demand for Arbitration on September 3rd, 2009 against Panayota Bletas and John Bletas, hereby joint and severally referred as the "Petitioner's" (See Exhibit A). The "Petitioner's" filed a Statement of Defense and Counterclaim on October 15th, 2009 (See Exhibit B). An Amended Demand was filed by Subway International BV on or about November 6th, 2009 (See Exhibit C) and "Petitioner's" filed an Amended Statement of Defense and Counterclaim on November 27th, 2009 (See Exhibit D), before the International Centre for Dispute Resolution (International Arbitration Tribunal) under UNCITRAL Arbitration Rules in New York, New York.

The hearing of the above took place in New York on the 22, 23, 25, 26 of March, 2010 and April 1st, 2010.

On August 2nd, 2010 a Final Award of Arbitrator was issued (See Exhibit E) where the Arbitrator Edna Sussman found and awarded the Claimant (Subway International BV), as follows:

a.   The Franchise Agreement between Subway International BV (hereinafter referred to as "Claimant") and Panayota Bletas and John Bletas (referred as Respondent's and hereby as the Movants) dated March 31, 2004 with reference to Subway store number 33926 (the "Franchise Agreement") is terminated.

b.   Claimant is awarded as against Respondents the sum of 9.498,10 Euros for the outstanding of royalties and the sum of 4.370,80 Euros for the outstanding advertising fees for the total of 13.868,90 Euros.

c. Respondents are awarded against Claimant the sum of 5.600 Euros for the costs of document production and translation.

d. Within thirty (30) days from the date of transmittal of this Award to the Parties, Respondents shall pay to Claimant the net amount of 8,268.90 Euros.

e. Claimant's claim for damages for Respondents' failure to disidentify their store and for sale of sandwiches in breach of the Franchise Agreement is denied.

f. Respondent's counterclaims are denied, with the exception of the award of the specified costs of the arbitration

g. The administrative fees of the International Centre for Dispute Resolution ('ICDR') totaling $ 7.750,00 shall be borne by the parties as incurred; the compensation of the Arbitrator totaling $ 8.400,00 shall be borne in equal shares by Claimant (50%) and Respondents (50%).

h. This Award is in full settlement of all claims and counterclaims submitted to this Arbitration.

The above Award of Arbitrator has not yet been served to the Respondents ("Movants") but was electronically transmitted to "Movants" Attorney Angie – Joan Manolis on August 3rd, 2010. **(See Exhibit F)**.

<u>In reference to the above, the default Final Award of Arbitrator dated August 2nd, 2010, should be set aside for the following reasons:</u>

<u>1) The Award is procured by FRAUD, corruption and undue means:</u>

In page 10 paragraph B. (Counterclaims Related to Advertising), Arbitrator found that documentary evidence supports Claimant's witness Gina Balamenti's testimony and is in conflict with the testimony of Mrs. Bletas. In other words Gina Balamenti was found to be a credible witness.

During the hearing of this case, Claimant's witness Gina Balamenti offered testimony that was contravened and contrasted by other testimony by the same witness given in another arbitration proceeding in which both Subway International BV and "Movant" Panayota Bleta was individually involved and the hearing took place a day after her testimony, on March 24, 2010.

Specifically, witness Gina Balamenti in page 10 of the Award testified that the increase to 4,5% had been approved in the Greek Market and the advertising fees sought in Claimant's Demand are calculated by that percentage (See Exhibit T,  Hearing Transcript pgs. 560-567, 572-575, date of Hearing March 23,2010) .

But in the hearing that took place on March 24, 2010 between Subway International BV Vs. Panayota Bletas, the same witness that was offered and who testified to support the same material facts, CHANGED her testimony and falsely stated that the percentage of the advertising fees for Greece is not to 4,5% BUT 3,5% and that the advertising fees sought in Claimant's Demand are calculated by 3.5 % and not 4.5% (See Exhibit U,  Hearing Transcript pgs. 505-508 date of Hearing March 24,2010) .

It is obvious that witness Gina Balamenti committed perjury and the above misleading and fraudulent statements have caused the "Petitioner's" injury, leaving them in a worse position than before the fraud because due to these

false statements, Arbitrator ordered Petitioner's to pay an amount that exceeds their legal liability.

Therefore, the sum of 4.370,80 Euros does not meet reality and the **award must be set aside as it was obtained by a criminal** offense: **PERJURY**

- In page 2 paragraph II, Arbitrator states that "...*SIBV also submitted the affidavit of Antonios Peridis, a Subway franchisee in the Greek Islands and the Development Agent for Athens as of the spring of 2009, who was available for cross examination...*"

  This statement is fraudulent as Arbitrator falsely alleges and accepts that Antonios Peridis was presented as a witness at the Hearing and his affidavit as "evidence" to support their Demand and Amended Demand, **because Mr. Peridis NEVER APPEARED as a witness for this case but in another case No. 50 114 T 00477 09 for Subway store #45251# owned by Ornela Cere.**
  This is proven:

  a) By Claimant's Witness List for the specific case (See **Exhibit G**) where Claimant presents as witnesses ONLY: Birgul Cetintas, Linda Morse, Gina Balamenti, Diane Pasacreta and Nicholas Reithner, and

  b) By Mr. Antonios Peridis two (2) affidavits and Sworn Statements before the Notary Public of the Island of Rhodes, Greece (See **Exhibits H, I, J and K**) that clearly refer to Subway franchisee Ornela Cere and not Panayota Bletas and John Bletas Subway store #33926#.

    - Arbitrator fraudulently presents in page 16 foot-note 5 of the Final Award, where she **arbitrarily ALTERED** the content of

Respondents' exhibit in FAVOR OF THE CLAIMANT, as follows "....EIPC does not require any market to use the distribution solution they find for the countries they service but rather recognizes that as store densities grow an in – country solution makes more sense. EIPC stands ready to support any market that wants to pursue an alternative distribution set up by providing analysis, pricing information and management coaching..Ex.R.J-132..."

The original sentence in the same exhibit (R-J-132) is written exactly as below "... EIPC does not require any market to use this distribution solution, and both EIPC and Thiel recognizes that as store densities grow in the markets they export to, an in – country solution will make more economic sense. In these instances, EIPC will support any market that wants to pursue an alternative distribution set up, by providing analysis, pricing information and distributor management coaching...   (See Exhibit L)

With these alterations, material facts are changed and presented in a fraudulent way since Arbitrator misleads concerning the relationship between EIPC and THIEL and shows that EIPC **"stands ready"** to support any market, when EIPC in the original text only expresses an intention to support, which in reality might not meet franchisees expectations nor EIPC's obligations.

- Arbitrator accepts but misleads in page 12 in the end of paragraph 2 that "...Respondents acknowledged that they understood that Subway itself made no commitment to pay for advertising an understanding confirmed by Mrs. Bletas at the hearing Bletas Tr. 1425-1427.." , when in page 1430 of the Transcript, that

contains the end of her testimony for the matter, Mrs Bletas CLEARLY does
not make such acknowledgement but testifies "...*but from my experience, I will
tell you that in Nice, in the meeting in the Spring of 2008, when I formally presented
my proposal for the TV advertising, the proposal for the TV advertising, the
representative of SFAFT, at that day because we were still in SFAFT, he supported
my proposal for TV advertising...*"    (See Exhibit M, pg 1430 , Hearing
Transcript).


Arbitrator falsely represents Respondents testimony by concealing her WHOLE
TESTIMONY despite the fact that she has the duty to reveal facts.

Therefore, Arbitrator issued an award procured by fraud, false and misleading
statements, which is proven by the below facts:

a) False statements of material facts were contained in the Award,

b) Arbitrator knew that the statements are untrue since she had all the above
   documents in possession, and

c) Arbitrator shows with this illegal and beyond her duty behavior that she
   intended to deceive Respondents, hereby referred as "Petitioners " and any
   other person, and by this fraud "petitioners" are injured as a result since the
   Award is binding and they cannot appeal to prove otherwise.


## 2) The Arbitrator exceeded her powers by manifestly disregarding the law:

- On page 9 paragraph V. Arbitrator decides : "...*SBIV claims that pursuant to
  the Franchise Agreement royalties from Respondents in the amount of 9.498,10
  Euros are due and that advertising fees in the amount of 4.370,80 Euros are owed to
  it by Respondents. Claimant's Pre-Hrg. Memo at 1. As noted above, Respondents do*

*not dispute the amounts claimed to be owed for royalties and advertising fees but deny their liability to pay such sum on the grounds that their counterclaim is in excess of that sum. Hearing Tr. At 1562- 1563. Accordingly, Claimant's claim for royalties and advertising fees is granted subject to netting any amounts found to be meritorious on the counterclaims.."*

-"Petitioners" rebutted the sum sought by Claimant based on the applicable law (Law No. 1455/1984 –Article 12 of Treaty signed by Greece and the Netherlands for the Avoidance of Double Taxation, **See Exhibit N**) and paragraph 11K of the Franchise Agreement **(See Exhibit O)**, specifically stating that Claimant is liable to the amount of royalties and advertising fees after the deduction of 7% on each amount, which 7% goes to the Competent Tax Department for the payment of taxes.

-Arbitrator awarded the Claimant the above amounts in full despite the fact that applicable law and the Franchise Agreement DOES NOT PERMIT THE ARBITRATOR TO AWARD THE WHOLE AMOUNT but only the amount minus 7% of the withholding of taxes (See Exhibit P, **Partial Award of Arbitrator issued in favor of Petitioner Panayota Bleta, dated June 17th, 2010).**

In the above Award, Arbitrator accepts that : "*…However, that does not end the consideration of the matter. When that amount is paid it will be subject to withholding tax and to the filing by the Claimant of a new tax form. Therefore, as the arbitrator interprets the agreement, the arbitrator concludes that the amount is not payable from Respondent to the Claimant unless and until the Claimant files a new appropriate tax form, and that the amount awarded is subject to withholding and payment of that withholding tax by Respondent in accordance with the provisions of the agreement.."*

*equitable and consistent with the arbitrator's interpretation of the agreement is for the Claimant to have an award against the Respondent for the amount of 11,367.82€ subject to the Claimant filing a new appropriate tax form and subject to withholding and payment of that withholding tax ...."*

<u>-Therefore, Arbitrator exceeded her power in granting Claimant the whole amount of 13.868,90 Euros (the amount of 9.498.10 Euros for royalties and the sum of 4.370,80 Euros for advertising fees) without subtracting the 7% on each amount for the withholding of taxes.</u>

This act on behalf of the Arbitrator can also be considered as "TAX FRAUD" against the federal government as the above Award consists of the <u>willful attempt</u> to evade or default the payment of taxes DUE AND OWED by both parties.

<u>3) The Arbitrator misconduct the arbitration proceeding by prejudicing the rights of a party</u>

- In page 1 paragraph I, Arbitrator <u>accepts</u> as Procedural History Claimant's Demand for Arbitration filed on or about September 3rd, 2009, Respondent's Statement of Defense and Counterclaims filed on October 15th, 2009 and the Amended Demand filed again by Claimant on or about November 6, 2009 but **fails to refer to and accept** Respondent's Amended Statement of Defense and Counterclaims filed on November 27th, 2009 **(See Exhibit D), even though she falsely states in the last page of the Final Award that "...8.** *This Award*

*conclusion of all claims and counterclaims submitted to this*

*Arbitrator..."*

- In page 11 paragraph 2, Arbitrator accepts: *"...in any case, Respondent's store was in fact only charged the 3.5% that Respondents recognize as was required until the conclusion of the relationship in August of 2009, so there is no viable claim of wrongdoing by Subway in this regard. See C-Ex.12)..".*

Arbitrator supports her findings based on Claimant's Exhibit C-Ex.12, even though there still is an objection pending on that specific document, which Arbitrator NEVER resolved (See page 11 of Reply Brief, Exhibit Q).

Specifically, "Petitioners" objection was based on the fact that *"...Exhibit C-12 : Accounting Inquiry Report : this document is not authenticated = it was created by the Claimant without any official stamp-seal by Subway Headquarters' and signature of the Head of the specific department. It has no proper foundation since it does not represent facts upon which Arbitrator can rely on. Actually, the document must be considered inaccurate in full since the facts presented in this document are false because store #33926# closed down on August 31, 2009 and in this document Claimant is requesting royalty and advertising fees CALCULATED ON NET SALES UP TO SEPTEMBER 15TH, 2009.." .*

The above objection also supports "Petitioners" allegation that the sum sought by Claimant exceeds reality as it is calculated on the stores sales up to the date of September 15th, 2009, when "Petitioners" were no longer Subway franchisees, A FACT WHICH AGAIN ARBITRATOR REFUSES TO CONSIDER.

On the other hand, though, in page 22 paragraph VII, Arbitrator took into consideration Claimants Motion to Strike various Exhibits and Motion to

Limine and decided to accept part of its Motion to Limine and deny its objections to various Exhibits (See Exhibit R) .

In addition to the above, Arbitrator again ALTERS, in favor of the Claimant's, witness Birgul Cetintas testimony in page 60-61 of Hearing Transcript. Arbitrator falsely states in page 15 paragraph 3 of the Final Award that "...EIPC periodically takes proposals and accepts new bids for the supply of Subway products....", **when the witness's actual testimony** was "...okay. Yes. EIPC is independent purchasing company for Europe. Their job is to organize the distribution system, to make negotiations, to purchase products from suppliers at the best rates..." (See Exhibit S, pg.60-61 Hearing Transcript).

It is possible that Arbitrator seeks with these alterations to eliminate the picture that EIPC is engaged in illegal "cartel" agreements or "tying arrangements" with certain suppliers (actually, only one supplier throughout Europe), as "Petitioners'" allege.

In conclusion, the Arbitrator is obligated to conduct the arbitration in such manner as arbitrator considers appropriate so as to aid in the FAIR disposition of the proceedings. The authority conferred upon the arbitrator also includes the power to determine the admissibility, relevance, materiality and weight of any evidence, which Arbitrator did not perform.

**This misbehavior of the Arbitrator has prejudiced the legal rights of the" Petitioners" in having a fair trial and to be heard equally as Claimant.**

Last but not least, the Honorable Judge must take into consideration that the Final Award of Arbitrator dated August 2, 2010 is consisted of the following omissions and discrepancies, that "Petitioners'" express the doubt if Arbitrator gave such weight to the case as expected :

a)  In page 1 paragraph 1 , the year on dates of all claims and counterclaims is wrongfully stated as 2010 for all claims and counterclaims were filed in the year 2009

b)  In the same page, the date of the filing of "Petitioners" Statement of Defense and Counterclaim was October 15th, 2009 and not the 14th (See Exhibit B)

c)  In page 2, Arbitrator stated that the hearing took place on March 22, 23, 25 and 26, 2010 but did not conclude the closing of the hearings that took place on April 1st, 2010 (See Exhibit V, Hearing Transcript dated April 1st, 2010)

d)  The Respondents' ("Petitioners") were represented by Angie – Joan Manolis and not Angie Manolis, and

e)  Claimant's witness Nicholas Reithner with respect to Liechtenstein Law also submitted two (2) more affidavits dated June 13, 2000 and November 11th, 2009 that were not concluded in the Award (See Exhibits W and X)

## CONCLUSION:

The Final Award of Arbitrator dated August 2nd, 2010 must be vacated on the statutory grounds of :

1)  **The Award was obtained and influenced by criminal offenses: tax fraud and PERJURY,**

2)  **The Award was procured by corruption and fraud,**

3)  The Arbitrator exceeded its powers and awarded types of relief that applicable law does not permit Arbitrator to award,

4)  The Arbitrator is guilty of misconduct by refusing to hear pertinent and material evidence and of engaging such misbehavior that prejudiced the "Petitioners'" rights, and

"Petitioners'" reserve all legal rights to amend this Motion and submit further documentary evidence to support all allegations.

Therefore, the Final Award of Arbitrator that was issued on August 2nd, 2010 is irrational, violated public policy and applicable laws, arbitrary and capricious in accordance to the above true stated facts.

The "Petitioners" refuse to comply with the Final Award and seek that the Court vacates the above Final Award of Arbitrator dated August 2th, 2010 on reasonable basis and substantial issues and orders a rehearing of the case before a new Arbitrator within the time limit of sixty (60) days.

Respectfully Submitted,

Panayota Bletas

John Bletas

Laskareos 48, 114 72 Athens Greece

Tel. 01130 210 6432010

Fax. 01130 210 6432071

Cell No. 01130 6937 464545

E-mail : ajmanoli@otenet.gr

 and ajmanolis@hotmail.com

14

## COUNTY OF NEW YORK

**In the matter between:**

Panayota Bletas

Subway Store #36829#

Athens, Greece

"Petitioner"


**Vs.**


**September 10th, 2010**


Subway International B.V

Doctor's Associate Inc.

325 Bic Drive,

Milford, CT 06461 U.S.A

"Respondent"


## PETITIONER'S PANAYOTA BLETAS

## MEMORANDUM OF LAW IN SUPPORT

## OF HER MOTION TO MODIFY OR VACATE

## I. BACKGROUND

Subway International BV entered into a franchise Agreement on March 31, 2005 with Panayota Bletas (See Exhibit A)

Subway International BV, hereby referred as "Respondent", filed a Demand for Arbitration on September 3rd, 2009 against Panayota Bletas, hereby referred as the "Petitioner". The latter filed a Statement of Defense and Counterclaim on October 15th, 2009 and an Amended Demand was filed by Subway International BV on or about November 6th, 2009. "Petitioner" filed an Amended Statement of Defense and Counterclaim on November 27th, 2009, before the International Centre for Dispute Resolution (International Arbitration Tribunal) under UNCITRAL Arbitration Rules in New York, New York.

The hearing of the above case took place in New York on the 24th of March, 2010.

On June 17th, 2010 a Partial Final Award of Arbitrator was issued (See Exhibit B) where the Arbitrator John R. Holsinger found that:

- In page 4, Evaluation of the Evidence – Generally : "...13. The Arbitrator reviewed and considered all the exhibits and the witness statements and objections to them. The Arbitrator gave more weight to some exhibits and witness statements and less or no weight to others......14. The Arbitrator evaluated the credibility of the witnesses. On the main substantive issues in dispute the Arbitrator found Respondent's witnesses to be credible and the Claimant's main witness not to be credible......15. The evidence the Arbitrator found to be material and most persuasive on the issues in dispute is summarized in the discussion below..."

2

*...remedies for the Claimant's Breaches...". There are the determination of what, if any, injury Respondent suffered, and the amount of the injury, as a result of the breaches by the Claimant. **The Claimant breached the agreement:***

a. *by sending an improper notice of termination;*

b. *by not sufficiently cooperating with Respondent's oft-expressed need to obtain supplies from a closer supplier, with lower transportation costs, particularly the one located in Bulgaria; and*

c. *by not promptly filing the tax form.."* .

In this Partial Final Award, Arbitrator John R. Holsinger decided not to award anything to "Petitioner" for the improper termination but also <u>reserved the right to determine and decide upon "reasonable certainty" (since there is evidence in the record) the amount of loss</u> suffered by the "Petitioner", due to the breach of the Franchise Agreement concerning the bad faith of the "Respondent" herein and the lack of cooperation about lower cost deliveries.  Also, Arbitrator did NOT refer to any award nor amount that "Petitioner" is entitled to in accordance to the breach of the franchise Agreement concerning the belated filing of the tax form.

Arbitrator issued a Final Award of Arbitrator dated August 11th, 2010 (See Exhibit C) where he did not decide on the above pending issues nor awarded any amount of loss or damages (compensation) to the "Petitioner",  even though Arbitrator acknowledged breaches of the franchise Agreement, but on the contrary in page 6 paragraph 25, Arbitrator states that: "*...the decisions in the Partial Final Award are hereby re-confirmed...*".

...~ ~. ...~.......~. has not yet been served to the "Petitioner", but was electronically transmitted to "Petitioner's" Attorney Angie – Joan Manolis on August 12th , 2010. (See Exhibit B).

**In reference to the above, the Final Award of Arbitrator dated August 11th , 2010, must be remitted and reconsidered by the same Arbitrator, Arbitrator John R. Holsinger and a new Final Award should be rendered, for the following reasons:**

- In page 11 paragraph 47, <u>Arbitrator reserves the right to determine and decide upon "reasonable certainty" the amount of loss</u> and states clearly that there is evidence on record, due to a specific breach of the franchise Agreement: "Petitioner's" inability to obtain lower cost inventory due to Subway International BV's bad faith to cooperate with "Petitioner" and the responsibility for that lack of cooperation that caused the injury sustained by "Petitioner". Arbitrator states that " *...there is evidence in the record that obtaining supplies from the alternate source of supply might have started by about January 2009 and maybe earlier. So there may be injury from then to the end of the business..".*

<u>Arbitrator did not award any amount of compensation to the franchisee Panayota Bletas in any of the two Awards issued (Partial – Final) in reference to this breach of the franchise Agreement.</u>

- Despite the fact that Arbitrator accepts in page 8 a breach of the franchise agreement due to not promptly filing the Tax Form, as to that specific breach Arbitrator again does not determine neither in the Partial Award nor in the Final Award, if "Petitioner" is entitled to compensation, and, if she is, the amount to be awarded by such breach.

4

The Honorable Judge must consider that in page 3 in accordance to the Applicable Law, the Arbitrator studied the law cited by the parties on the issues in dispute and concludes that Liechtenstein law governs and shall be used to construe the agreement. However, the decisions in this Partial Final Award do not turn on differences in the law but rather on the interpretation of the agreement and the arbitrator's evaluation of the credibility of the witnesses.

Under Liechtenstein Law (**See Exhibit D and E**) as the applicable law in this case (or any other law in this matter), in the case that the claim for damages is based on a breach of contractual obligations, the damaged party must prove that the contract has been violated (illegality), but is not required to prove that the other party was at fault. The burden of proof that a certain violation of the contract occurred without fault is with the party that violated the contract.

According to the above, evidence is only considered as being sufficiently proven where there is such a high probability leaving no reasonable doubt to anyone being familiar with the circumstances of the case which almost equals certainty (**reasonable certainty**).

Section 273 of the Liechtenstein Civil Procedure Code, this provision allows the judge to estimate the damage suffered by the injured party if there are significant difficulties to determine the accurate amount of damage. There are cases to be found where estimating the amount of damages is far more economic and of course faster than conducting laborious and costly undertakings to produce the evidence necessary to precisely determine the actual figure.

When drawing on section 273 ZPO, the Claimant is nonetheless obliged to plead the damage and the amount but is exempt from producing evidence as regards the

the judge is obliged to assess the damage to the best of his knowledge in accordance with his experience and the results of the proceedings as a whole.

In general, contract law concludes that if a party breaches a contract and that breach is an effective cause of the other party's loss, the injured party is entitled to compensation.

Therefore, despite the fact that "Petitioner" proved that the franchise Agreement had been violated by Subway International BV and Arbitrator not only acknowledged but accepted all the above breaches with "reasonable certainty" , NO AMOUNT was determined as compensation to "Petitioner's" sustained injury (damages – losses) caused by the fore mentioned breaches of the franchise Agreement.

## CONCLUSION:

The Final Award of Arbitrator dated August 11th, 2010 must be remitted to and reviewed by the same single Arbitrator, Arbitrator John R. Holsinger, Esq., who presided over the arbitral proceedings (and due to the fact that all evidence on record is still in his possession), and a NEW Final Award must be rendered on the grounds of:

1) The Final Award of Arbitrator dated August 11th, 2010 is based on an error in law or , otherwise, manifest disregard of the law as, mentioned above, the Arbitrator "appreciated the existence of a clearly governing legal principle but decided to IGNORE or pay no attention to it, and

2) The Arbitrator committed an arbitral mistake.

In conclusion, the Final Award of Arbitrator dated August 11th, 2010, contains a significant ERROR IN LAW, and the reviewing Court must interfere with the

6

existence of an amount of compensation justifies an interference of "gross mistake" and determination of the point of law in order to prevent a miscarriage of justice.

The "Petitioner" seeks that the Honorable Judge of the Supreme Court:

1) Modify or Vacate the Final Award of Arbitrator dated August 11th, 2010, on the grounds of an error in law, specifically the wrongful application of the principle of the law, that justifies the present petition since the determination of the question of law issue will significantly affect the rights of the parties,

2) The above issue of lack of compensation to the injury party must be remitted to and reviewed/reconsidered by the same single Arbitrator, who presided over the arbitral proceedings, Arbitrator John R. Holsinger, not effecting in any way the merits and preliminary findings of the case contained in the Partial Award of Arbitrator dated June 17th, 2010, as such approach would be more efficient than empanelling a new Arbitrator, and

3) The Arbitrator has to be ordered to make a determination as to the compensation to be awarded to the franchisee-"Petitioner" in view of the breaches committed by the Franchisor – "Respondent"

"Petitioner" reserves all legal rights to amend the above and submit further documentary evidence to support all allegations.

_Panayota Bletas_

Panayota Bletas

"Petitioner"

Laskareos 48, 114 72 Athens Greece

Tel. 01130 210 6432010

Fax. 01130 210 6432071

Cell No. 01130 6937 464545

E-mail : ajmanoli@otenet.gr

and ajmanolis@hotmail.com

8

WHEREFORE, your deponent respectfully requests that this Court [*briefly* describe what you are requesting]: 1) To vacate an final Award of Arbitrator dated August 11th, 2010 and remit the case to the same Arbitrator and 2) To vacate a final Award of Arbitrator dated August 2nd, 2010

December 14th , 2010
**[date signed]**

PANAYOTA BLETAS
Petitioner **[sign your name]**

PANAYOTA BLETAS
**[print your name]**

48 Laskareos Str,
11472 Athens, Greece
01130 210-6432010 01130693F46454
**[your address and telephone no.]**

## VERIFICATION

STATE OF NEW YORK
COUNTY OF NEW YORK : ss:

ANGIE-JOAN MANOLIS on behalf of Panayota Bletas **[your name]**, being duly sworn, deposes and says that: I am the petitioner in this proceeding; I have read the foregoing petition and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief; and as to those matters I believe it to be true, This is signed on behalf of Panayota Bletas by Angie-Joan Manolis Attorney, but Power of Attorney given to the latter by a Private Agreement of Order-Procuration and Trial Contract.

Sworn to before me on

14 day DEC , 2010

Notary Public

ANNA DONG
Notary Public, State of New York
Reg. No. 04DO6228919
Qualified in New York County
Commission Expires Sept. 27, 20 14

Petitioner **[sign your name in front of a Notary]**

ANGIE-JOAN MANOLIS
**[print your name]**

3

VerPet4-06

WHEREFORE, your deponent respectfully requests that this Court [*briefly* describe what you are requesting]: 1) To vacate a final Award of Arbitrator dated August 11th, 2010 and remit the case to the same Arbitrator, and 2) To vacate a Final Award of Arbitrator dated August 2nd, 2010

December 14th , 2010
**[date signed]**

JOHN BLEGAS
**Petitioner [sign your name]**

John Bletas
**[print your name]**

48 Laskareos Str.,
11472 Athens Greece
0130 210-6432010, 6937464545
**[your address and telephone no.]**

**VERIFICATION**

STATE OF NEW YORK
COUNTY OF NEW YORK : ss:

ANGIE-JOAN MANOLIS on behalf of John Bletas **[your name], being duly sworn,** deposes and says that: I am the petitioner in this proceeding; I have read the foregoing petition and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief; and as to those matters I believe it to be true. This is signed on behalf of John Bletas by Angie-Joan Manolis, Attorney, by Power of Attorney given to the latter by a Private Agreement of Order-Procuration and Trial Contract.

Sworn to before me on

14 day Dec , 2010

Notary Public

Petitioner **[sign your name in front of a Notary]**

ANGIE-JOAN MANOLIS
**[print your name]**

ANNA DONG
Notary Public, State of New York
Reg. No. 01DO6228919
Qualified in New York County
Commission Expires Sept. 27, 2014

3

VerPet4-06

INDEX NO.

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

1) PANAYIOTA BLETAS

2) PANAYIOTA BLETAS & JOHN BLETAS

Plaintiff/Petitioner

- against -

SUBWAY INTERNATIONAL BV

Defendant/Respondent

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in subsection (c) of Section 130-1.1 of the Rules of the Chief Administrator (22 NYCRR)

Sign Name: _____

Print Name: ANGIE-JOHN MANOLIS

Address: 218 LASKAROS STR.

11472 ATHENS GREECE

Telephone 01130 6037 4645 UT

Service of a copy of the within is hereby admitted

Dated: _____, 200__

Attorney for _____

---

Please take notice that the within is a (certified) true copy of a
_____ duly entered in the office of the clerk of the
within named court on the _____ day of _____, 200__

Dated:

Attorney for:

Yours, etc.

Plaintiff/Petitioner
Defendant/Respondent

_____ Office and Post
_____ Office Address

To:
Attorney(s) for _____

****************NOTICE OF SETTLEMENT***************

Sir/Madam:

Please take notice that an _____
of which the within is a true copy will be presented for settlement
to the Hon. _____, one of the Justices
of the within named court at _____
_____, 200__ at _____ AM/PM on

Dated: _____, 200__   Yours, etc

Plaintiff/Petitioner
Defendant/Respondent

To:
Attorney(s) for _____

PRESENT: **ALICE SCHLESINGER**
                                                        PART **IA PART 16**

_____
                                    _Justice_

| | |
|---|---|
| Index Number : 111997/2010 | **INDEX NO.** _____ |
| **BLETAS, PANAYOTA** | **MOTION DATE** _____ |
| VS. | **MOTION SEQ. NO.** _____ |
| **SUBWAY INTERNATIONAL BV** | **MOTION CAL. NO.** _____ |
| SEQUENCE NUMBER : 001 | |
| VACATE OR MODIFY AWARD | |

FILED

this motion to/for _____ NOV 10 2010 PAPERS NUMBERED

COUNTY CLERK'S OFFICE NEW YORK

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... _____

Answering Affidavits — Exhibits _____

Replying Affidavits _____

Cross-Motion: ☐ Yes ☒ No

Upon the foregoing papers, it is ordered that this motion petition to vacate
an Arbitration Award is denied without
prejudice and the proceeding is dismissed.
Service of the papers on respondent by
Federal Express mailing is insufficient to
commence a special proceeding. See
CPLR § 7502(a) and CPLR § 403(c).

Dated: **NOV 10 2010**
                                        _Alice Schlesinger_ s.c.
                                        **ALICE SCHLESINGER** s.c.

Check one: ☒ FINAL DISPOSITION          ☐ NON-FINAL DISPOSITION

Check if appropriate: ☐ DO NOT POST          ☐ REFERENCE

☐ SUBMIT ORDER/ JUDG.          ☐ SETTLE ORDER/ JUDG.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: _____ **HON. JUDITH J. GISCHE** _____      PART _10_
                              J.S.C. *Justice*

| Index Number : 111996/2010 | INDEX NO. | _____ |
|---|---|---|
| **BLETAS, PANAYOTA** | MOTION DATE | _____ |
| VS. | | |
| **SUBWAY INTERNATIONAL B.V.** | MOTION SEQ. NO. | _001_ |
| SEQUENCE NUMBER : 001 | MOTION CAL. NO. | _____ |
| VACATE OR MODIFY AWARD | | |

this motion to/for _____

|  | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | _____ |
| Answering Affidavits — Exhibits _____ | _____ |
| Replying Affidavits _____ | _____ |

**Cross-Motion:** ☐ **Yes** ☒ **No**

Upon the foregoing papers, it is ordered that this motion

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

motion (s) and cross-motion(s)
decided in accordance with
the annexed decision/order
of even date.

# FILED

DEC 09 2010

NEW YORK
COUNTY CLERK'S OFFICE

Dated: ___12|6|10___

HON. JUDITH J. GISCHE  *J.S.C.*
                            J.S.C.

Check one:  ☒ **FINAL DISPOSITION**   ☐ **NON-FINAL DISPOSITION**

Check if appropriate:  ☐ **DO NOT POST**   ☐ **REFERENCE**

☐ **SUBMIT ORDER/ JUDG.**   ☐ **SETTLE ORDER/ JUDG.**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK: PART 10**

-------------------------------------------------x

PANAYOTA BLETAS,

                      Petitioner,

      -against-

SUBWAY INTERNATIONAL B.V.,

                      Respondent.

-------------------------------------------------x

**DECISION/ ORDER**
Index No.:   111996/10
Seq. No.:    001

**PRESENT:**
Hon. Judith J. Gische
                   S.C.

F I L E D

DEC 09 2010

NEW YORK
COUNTY CLERK'S OFFICE

Recitation, as required by CPLR § 2219 [a] of the papers considered in the review of this (these) motion(s):

**Papers**                                                  **Numbered**
Notice of Petition, Petition, exhbits  . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

---

Upon the foregoing papers the decision and order of the Court is as follows:

Petitioner brings this proceeding to modify a final award of an arbitrator made on August 11, 2010. The award consists of a partial final award dated June 17, 2010 and a final award dated August 11, 2010. The Notice of Petition and Petition were served on respondent by "Fedex." The respondent has failed to appear. Service of a Petition and Notice of Petition must be made in the same manner as a summons in an action. CPLR §403.; Application of Country Wide Ins.Co., 114 AD2d 754 (1sr dept. 1985). Service in this case was improper to confer jurisdiction over respondent.

The petition otherwise lacks merit. Petitioner claims that the arbitrator made a manifest error of law by finding that the claimant had breached the parties' agreement, but also finding that she was not entitled to any damages. Petitioner argues that although the arbitrator reserved the issue of damages in his first partial award, he failed to address the issue in his final award. She also claims that he should have awarded her damages and did not address the issue of damages flowing from his finding that claimant breached the agreement by not promptly filing a tax form.

CPLR 7511 provides that a a court shall modify an award if : [1] there was a miscalculation; [2] the award pertained to issues not submitted to arbitration or [3] the award is imperfect in a matter of form, not affecting the merits of a controversy. None of those circumstances are present.

-Page 1 of 2-

An arbitration award may also be vacated if it is rendered in "manifest disregard of the law." Wien & Malkin LLP v. Helmsley-Spear, Inc., 6 NY3d 471, 480 (2006); Halligan v. Piper Jaffray, Inc., 148 F.3d 197, 201-203 (2nd Cir. 1998). "Manifest disregard of law", however, is a severely limited doctrine, applied only in extremely rare situations and highly deferential to arbitration awards. Porzig v. Dresner, Kleinwort, Benson, North America LLC, 497 F.3d 133 (2nd Cir 2007). The petitioner has a heavy burden and the arbitral award may be vacated only where a petitioner can demonstrate both that :[1] the arbitrator's knew of a governing legal principle, yet refused to apply it or ignored it altogether and [2] that the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case. Wallace v. Buttar, 378 F3d 182 (2nd. Cir. 2004). It is best described as a "doctrine of last resort" where some egregious impropriety on the part of the arbitrator is apparent.

The doctrine is not intended to supercede the more widely recognized rule that mere errors of law are insufficient to set aside an arbitration award. Bear Sterns & Co. Inc. v. 1109580 Ontarion, Inc., 409 F3d 87, 92 (2nd Cir. 2005).; New York Correctional Officers and Police Benevolent Ass'n v. State, 94 NY2d 321 (1999). A court cannot simply disregard or vacate an arbitrator's award because it would have decided the matter differently, or it believes the arbitrator arrived at the wrong conclusion. Moreover, the arbitrators' decision must be upheld even if there is only a barely colorable justification for the outcome the arbitrators reached. Landy Michaels Realty Corp. v. Local 32B-32J, 954 F.2d 794, 797 (2d Cir.1992).

At bar petitioner's claim that the arbitrator "reserved" the issue of damages for a latter decision is not borne out by the decision itself. The arbitrator fully considered the issue of damages on all findings of breach of contract in it first decision, with the exception of legal fees and costs. There is also no support for petitioner's conclusion that the award neglected to consider damages for the late filing of a tax form. The arbitrator expressly found that the claimants failure to file a tax form justified the retention of payments by until such forms were filed. Even if petitioner were correct in her assessment of the arbitrators decision, there still would be not basis for modifying the award, because they would be, at most, mere errors of law.

Accordingly the petition is denied in its entirety. This constitutes the decision and order of the court.

Dated: New York, NY
       December 6, 2010

SO ORDERED:

**FILED**

J.G. J.S.C.

DEC 09 2010

NEW YORK
COUNTY CLERK'S OFFICE

-Page 2 of 2-



| PLAINTIFF: | CERE, ORNELA |
|---|---|
| DEFENDANT: | SUBWAY INTERNATIONAL B.V. |
| CASE STATUS: | DISPOSED / MOTION PENDING |
| ACTION: | ARTICLE 75 (ARBITRATION) |
| LAST UPDATE: | 01-29-2011 3:00PM |
| JUSTICE: | SCHOENFELD, MARTIN |

Home / SCROLL / CASE DETAILS

SEARCH AGAIN :  [            ]   Search

**KEY TO LINKS BELOW**

| COUNTY CLERK INFORMATION |
|---|
| **FULL CAPTION** |
| COUNTY CLERK MINUTES |
| CC - CIVIL INDEX INQUIRY |
| LOCATE FILES |

| COURT INFORMATION |
|---|
| CASE CAPTION |
| **CASE INFORMATION** |
| ATTORNEYS |
| APPEARANCES |
| **MOTIONS** |
| COMMENTS |
| ASSIGNED JUSTICE |

| CATEGORY | DATE SCANNED | CLICK TO OPEN FILE | SEQUENCE NUMBER |
|---|---|---|---|
| Decision - Memorandum | 12/01/2010 | 📄 | 001 |
| Notice of Motion | 12/08/2010 | 📄 | 002 |
| Notice of Motion | 12/16/2010 | 📄 | 003 |
| Request for Judicial Intervention | 09/16/2010 | 📄 | - |
| Request for Judicial Intervention | 09/20/2010 | 📄 | - |
| Petition | 09/10/2010 | 📄 | - |

Documents that have been entered into the minutes of the County Clerk bear a stamp stating "Filed," followed
by the date of filing (entry date) and the words "New York County Clerk's Office." Except in matrimonial cases
(documents for which are not included in Scroll), judgments are not entered by the County Clerk until an
attorney for a party to the case appears at the Judgment Clerk's desk (Rm. 141B at 60 Centre Street) and
requests entry. Copies of unfiled judgments bearing a stamp stating "Unfiled Judgment" and a notice to
counsel may be found in Scroll. For technical reasons, some long form orders or other documents that were
scanned in the early phase of this project may be categorized here as a "Decision."

BACK     NEW SEARCH

60 Centre Street, New York NY 10007
Copyright © 2006 Unified Court System

Case 3:10-cv-01715-JCH Document 47-1 Filed 01/31/11 Page 39 of 44
Case 3:10-cv-01713-PCD Document 7-1 Filed 12/07/10 Page 1 of 4
EXHIBIT Aq



SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: _Schoenfeld_                                    PART _28_

| Index Number : 111998/2010 | INDEX NO. | |
| CERE, ORNELA | MOTION DATE | |
| VS. | | |
| SUBWAY INTERNATIONAL B.V. | MOTION SEQ. NO. | |
| SEQUENCE NUMBER : 001 | MOTION CAL. NO. | |
| VACATE OR MODIFY AWARD | | |

his motion to/for _____

|  | PAPERS NUMBERED |
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | 1-3 |
| Answering Affidavits — Exhibits | |
| Replying Affidavits | |

Cross-Motion:  ☐ Yes  ☑ No .

Upon the foregoing papers, it is ordered that this motion by petioner Ornela Cere to
vacate an arbitration award dated August 2, 2010 which
terminated a Subway franchise agreement and awarded certain
sums of money to Ms. Cere is granted on default, except
that the administration and arbitration fees shall be
paid as stated in that award.

An order is to be settled upon notice by petitioner
ornela cere to both Subway International B.V. and
to the International Center for Dispute Resolution.

Dated: _11/29/10_                                    _____
                                                              J.S.C.

Check one:  ☑ FINAL DISPOSITION     ☐ NON-FINAL DISPOSITION
Check if appropriate:  ☐ DO NOT POST              ☐ REFERENCE
☐ SUBMIT ORDER/ JUDG.        ☑ SETTLE ORDER/ JUDG.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

----------------------------------------------------------X

ORNELA CERE                                    INDEX NO. 111998-10

                    Plaintiff                  NOTICE OF SETTLEMENT

              -against-

SUBWAY INTERNATIONAL BV

                    Defendant

Sir/Madam :

        Please take notice that a Judgment, of which the within is a true copy, will be presented

for settlement to the Honorable Judge Martin Schoenfeld, one of the Justices of the within

named Court, at 60 Centre Str, on Thursday January 20th, 2011 at 9:30 o' clock a.m.

Dated: New York, New York

        January 11, 2011

                                    Yours,



Plaintiff : Ornela Cere

94 Solonos Str.,

106 80 Athens Greece

011306937464545, 011302106432010

Defendant : Subway International BV

Legal Department, Doctor's Associate Inc,

325 Bic Drive, Milford, CT , 06461

Attention: International Centre for Dispute Resolution

1633 Broadway, New York, NY, 10019

At IAS Part.......of Supreme Court

of the State Of New York,

held in and for the County of

New York, at the Courthouse thereof

On..........................., 2011

PRESENT : HON._____

JUSTICE

ORNELA CERE

INDEX NO. 111998-10

_____

Petitioner

JUDGMENT

-against-

SUBWAY INTERNATIONAL BV

_____

Respondent

----------------------------------------------------x

Upon reading and filing the Notice of Petition dated September 10th, 2010 and Verified

Petition dated September 10th, 2010 and sworn on to November 16th, 2010 of Ornela Cere, and

the exhibits thereto labeled A through Z and 1 through 7, and Petitioner having moved on

September 10th, 2010 for an order to vacate a final Award of Arbitrator dated August 2nd, 2010

and no opposition having been submitted, and upon the Court's decision dated November 29th,

2010,

Now on motion of Petitioner, it is hereby,

ORDERED AND ADJUDGED that the petition to vacate an arbitration award dated August 2nd,

2010 is granted on default, except that the administration and arbitration fees shall be paid as

stated in the award. The administration and arbitration fees have been paid by the Petitioner.


New York, New York

January 20th,2011


ENTER :

_____

Hon.

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: _Schoerfeld_          PART _28_
                    Justice

| Index Number : 111998/2010 | INDEX NO. _____ |
|---|---|
| CERE, ORNELA | MOTION DATE _____ |
| VS. | |
| SUBWAY INTERNATIONAL B.V. | MOTION SEQ. NO. _____ |
| SEQUENCE NUMBER : 001 | MOTION CAL. NO. _____ |
| VACATE OR MODIFY AWARD | |

his motion to/for _____

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...

Answering Affidavits — Exhibits _____

Replying Affidavits _____

PAPERS NUMBERED
_1-3_

Cross-Motion:  ☐ Yes   ☑ No

Upon the foregoing papers, it is ordered that this motion by petioner Ornela Cere to vacate an arbitration award dated August 2, 2010 which terminated a Subway franchise agreement and awarded certain sums of money to Ms. Cere is granted on default, except that the administration and arbitration fees shall be paid as stated in that award.

An order is to be settled upon notice by petitioner Ornela Cere to both Subway International B.V. and and to the International Center for Dispute Resolution.

Dated: ___11/29/10___          _____  J.S.C.

Check one:  ☑ FINAL DISPOSITION   ☐ NON-FINAL DISPOSITION

Check if appropriate:  ☐ DO NOT POST        ☐ REFERENCE

☐ SUBMIT ORDER/ JUDG.   ☑ SETTLE ORDER/ JUDG.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE      FOR THE FOLLOWING REASON(S):