<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE DISTRICT OF CONNECTICUT</u>

FILED

2011 FEB -7 A 10: 54

U.S. DISTRICT COURT
NEW HAVEN, CT

Subway International B.V
World Franchise Headquarter's
325 Bic Drive,
Milford, CT 06461 U.S.A
"Plaintiff"

Vs.

Panayota Bletas                                      February 4th , 2011
Laskareos 48,
114 72 Athens, Greece
"Defendant"

**Case No. 3 : 10 –cv- 1715 pcd**

## MOTION TO DISMISS

## APPLICATION TO CONFIRM ARBITRATION AWARD

1. Defendant moves this Court to dismiss Plaintiff's Application to Confirm due to A) lack of jurisdiction, 2) intentional invalid service of process and papers and C) fraud on this Court.

2. This action is to oppose and to show cause why "Plaintiffs" Application to Confirm an Arbitration Award dated October 28th, 2010 must be denied.

3. Subway International BV, referred as the "Plaintiff" filed an Application to Confirm an Arbitration Award on October 29th, 2010 against Panayota Bletas, referred as the "Defendant", praying that :

1

1. The award is confirmed.

2. An order be issued directing the Defendant to appear on a date certain to show cause, if there be any, why this application should not be granted,

3. The amount of 12,951.41 Euros or $ 17,999.32 representing unpaid royalty and advertising fees and costs associated with the administration of the arbitration, and

4. Such further relief as the court deems appropriate.

**The "Defendant" opposes to the above Application to Confirm and requests that the Honorable Judge should not grant this due to the following TRUE facts that "Plaintiff" intentionally and deceivingly concealed committing FRAUD ON THIS COURT:**

## 1) LACK OF JURISDICTION

In accordance to Title 9 paragraph 9 of the US Federal Arbitration Act "...*if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and **thereupon the court must grant such an order unless the award is vacated, modified, of corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties,***

***then such application may be made to the United States court in and for the district within which the award was made. ...".***

"Defendant" Panayota Bletas filed on September 10th, 2010 before the Supreme Court of the State of New York, County of New York (as the competent Court having jurisdiction as the Awards were issued in New York), within the time limit of three (3) months after the award was issued, **Notice of Petition to Modify or Vacate the Final Award of Arbitrator issued on August 11th, 2010 in New York, without effecting in any way the merits and preliminary findings of the case contained in the Partial Award of Arbitrator dated June 17th, 2010.** "Defendant" also requested that the issue must be remitted to and reviewed / reconsidered by the same single Arbitrator, who presided over the arbitral proceedings, Arbitrator John R. Holsinger and that the Arbitrator be ordered to make a determination as to the compensation to be awarded to the franchisee "Petitioner" Panayota Bletas in view of the breaches committed by the "Franchisor- Respondent" **(See Exhibit "A and B")**

Notice of Petition, Verified Notice of Petition, Memorandum of Law in Support of her Motion and Request For Judicial Intervention, all dated September 10th, 2010 and Index No. 111996-10, were legally served to the "Plaintiff" on the same date via FedEx (Track No. 793900946707) by "Defendant's" authorized Attorney Angie – Joan Manolis, who verified the service of papers **(See Exhibit "C").**

"Plaintiffs'" Attorney Kristin Corcoran expressed her full knowledge of receipt of all documents on October 4th, 2010 via e-mail to "Defendants" Attorney Angie – Joan Manolis **(See Exhibit "D").**

Despite the fact that "Plaintiff" knew that an action was filed and pending before the competent Supreme Court of the State of New York, County of New York, that has without any doubt jurisdiction, to Modify or Vacate the Final Award of Arbitrator dated August 11th, 2010, **blocking any other procedure concerning the same case and parties**, Plaintiff illegally and deceivingly filed an action before the United States District Court for the District of Connecticut requesting confirmation of the same Final Award of Arbitrator dated August 11th, 2010!!!!!!!!!!!!!!!!!!!!!!!!.

The current status of Defendant's petition to vacate is : pending before the Supreme Court of New York, New York County under Index No. 116156-10 and a Notice of Motion for leave to renew a prior motion in this case is also pending to heard in New York.

Therefore, the above Application for Confirmation should not be granted due to lack of jurisdiction and to avoid the issuance of two (2) contradictory judgments concerning the same parties and case, since prior to the filing of the above Application, "Defendant" has filed a Notice and Verified Notice of Petition to Modify or Vacate the Final Award of Arbitrator dated August 11th, 2010 before the Supreme Court of the State of New York, County of New York, blocking all other procedures.

Even if, the Honorable Judge decides that "Plaintiff" has the right to file such action, despite the above, this action should have been filed before the Supreme Court of the State of New York, County of New York as the Final Award of Arbitrator was issued in New York.

Last but not least, it must be taken into consideration that "Plaintiff" has not appeared nor filed any submissions concerning the case pending in New

York until October 22, 2010 (return date), as obligated, and by concealing such critical and important information from the Honorable Judge and Court in the District of Connecticut, both "Plaintiff" and Attorney Kristin Corcoran, who knowingly participated in such "scheme" have committed FRAUD ON THE COURT!!!!!!

**2) INTENTIONAL INVALID SERVICE OF PAPERS**

In the above Notice and Verified Notice of Petition dated September 1oth, 2010, "Defendant" Panayota Bletas had stated that her mailing address is : LASKAREOS 48, 114 72 ATHENS GREECE (her lawyer's law firm address) .

She proceeded in such way since it is possible for her to receive full knowledge on time of all papers served to her as after "Plaintiff" forced her to close down her store and the economic catastrophe she has suffered due to "Plaintiff's" bad faith and illegal behavior, she is not economically eligible to have a permanent residence.

"Plaintiff" was at full knowledge at the time of service of this address and of her Attorney's address Angie Joan Manolis, as she had communicated with the latter via e-mail on October 4th, 2010.

It is a fact that "Defendant" accidentally came across those papers and was at risk of not being able to exercise her legal rights on time. "Plaintiff" knew that this would be possible and that is why its Attorney Kristin Corcoran intentionally served the papers to an officially incorrect address so "Defendant" would not find out on time.

With this unlawful action by "Plaintiff" and the knowingly participation of its Attorney Kristin Corcoran, who signed such Certification of Service, the purpose of service is subverted and the administration of justice is threatened to be disrupted.

**Again, the Honorable Judge must review the fact that service is also invalid if the "Defendant" has been enticed into the jurisdiction by fraud. Courts have ruled that luring a potential "Defendant" into the state in order to serve him with process when NO GROUNDS EXIST TO ASSERT JURISDICTION OVER HIM in that state violates the individual's right to due process of law. This type of service is also considered null and void.**

Therefore, in accordance to the above, as Defendant was lured without grounds in the jurisdiction of Connecticut, "Defendant" cites no authority permitting the District Court of Connecticut to authorize an action to go forward upon an invalid service of process and the Application to Confirm the Arbitration Award should not be commenced.

"Defendant" requests that Plaintiff's Application to Confirm be dismissed due to lack of jurisdiction and intentional invalid service of process.

<u>"Defendant" reserves all legal rights to amend this Opposition and submit further documentary evidence to support all allegations.</u>

Respectfully submitted,

*Panayota Bletas*
Panayota Bletas

Laskareos 48, Athens

114 72 Greece

Tel. (country code) 210 6432010

Cell No. (country code) 6937 464545

e-mail 1: ajmanolis@hotmail.com

e-mail 2: ajmanoli@otenet.gr

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4th,2011, a copy of the foregoing Motion to Dismiss was filed electronically and by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*Panayota Bleta*
PANAYOTA BLETA