### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUBWAY INTERNATIONAL B.V., | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:10-cv-01715 (JCH) |
| | : | |
| v. | : | |
| | : | |
| PANAYOTA BLETAS, | : | APRIL 2, 2012 |
| Defendant. | : | |

### RULING RE: APPLICATION TO CONFIRM ARBITRATION AWARD (DOC. NO. 1)

Subway International B.V. ("SIBV") petitions the court to confirm an arbitration award pursuant to Section 9 of the Federal Arbitration Act ("FAA").  Defendant Panayota Bletas ("Bletas") opposes SIBV's petition.  For the reasons herein, SIBV's Application to Confirm Arbitration Award (Doc. No. 1) is granted.

## I.    BACKGROUND

Plaintiff SIBV, an international franchisor of SUBWAY® sandwich stores, is a Netherlands limited liability corporation with its principal place of business in Amsterdam.  On March 31, 2005, SIBV and Bletas entered into Franchise Agreement No. 36829 ("Franchise Agreement"), permitting Bletas to operate a Subway restaurant in Greece provided that Bletas pays SIBV weekly royalty and advertising fees out of the restaurant's gross sales. Pl.'s Appl. to Confirm Arbitr. Award (Doc. No. 1) ¶¶ 5-7.  The Franchise Agreement contained a dispute resolution clause that provides in relevant part: "[t]he parties will arbitrate any Dispute the parties do not settle under the discussion procedures above, and any Dispute which this Agreement provides will be submitted directly to arbitration, except as provided in the Agreement." Franchise Agr. (Doc. Nos. 1-1 & 1-2) ¶ 10.c.  The parties also stipulated in the Franchise Agreement that they would arbitrate such disputes in accordance with the United Nations

Commission on International Trade Regulations and Law Arbitration Rules administered by an arbitration agency, such as the International Centre for Dispute Resolution, at a hearing to be held in New York, New York.  Id.

On September 3, 2009, SIBV filed a Demand for Arbitration with the International Centre for Dispute Resolution, alleging that Bletas breached paragraphs 2 and 5.i of the Franchise Agreement by failing to pay royalty and advertising fees.  Pl.'s Appl. to Confirm Arbitr. Award ¶ 9.  In response, Bletas filed defenses and counterclaims with the International Centre for Dispute Resolution.  Id.  Upon review of all claims and defenses raised by SIBV and Bletas, Arbitrator John Holsinger issued a fourteen page partial award dated June 17, 2010, and a final award dated August 11, 2010. See Partial Final Arbitration Award (Doc. No. 1-3) & Final Arbitration Award (Doc. No. 1-5).  Pursuant to the arbitration awards, the Franchise Agreement was terminated, SIBV was awarded 11,367.82 Euros for outstanding royalty and advertising fees and 2,200 Dollars for filing fees and other expenses associated with the administration of the arbitration.  Partial Final Arbitration Award ¶ 56 & Final Arbitration Award ¶ 24.

On September 10, 2010, Bletas filed an action in New York state court seeking to vacate the arbitration award at issue in this case.  Mot. to Dismiss, Ex. A (Doc. No. 65).  The state court action was dismissed on December 9, 2010, due to improper service and "lack of merit." Mot. to Dismiss, Ex. B (Doc. No. 66).  On September 10, 2010, Bletas also filed an action in New York state court seeking to vacate a different arbitration award, and that action was dismissed on November 10, 2010, due to improper service.  Id.  On December 14, 2010, Bletas combined the two previously dismissed actions and again filed them in New York state court as a single petition to

vacate the arbitration awards.  That petition was dismissed on August 29, 2011, due to improper service. Bletas, Panayota v. Subway International B.V., 116156/2010 (N.Y. Sup. Ct. 8/29/2011).

## II.   APPLICABLE LAW

In this case, subject-matter jurisdiction is conferred by 9 U.S.C. § 203, which provides federal jurisdiction over actions to confirm or vacate an arbitration award governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention").[1] The New York Convention applies in this case because SIBV is a foreign corporation, and Bletas is a foreign citizen. See 9 U.S.C. § 202.

Because the Final Arbitration Award was entered in the United States, however, "the domestic provisions of the FAA also apply, as is permitted by Articles V(1)(e) and V(2) of the New York Convention."  Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire and Marine Ins. Co., 2012 WL 335772, at *7 (2d Cir. February 3, 2012).  See also Zeiler v. Deitsch, 500 F.3d 157, 164 (2d Cir. 2007) (describing overlap of New York Convention and the FAA); Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc., 126 F.3d 15, 19–23 (2d Cir. 1997), cert. denied, 522 U.S. 1111 (1998). "[T]he FAA and the New York Convention work in tandem, and they have overlapping coverage to the extent that they do not conflict."  Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt.,

---

[1] The FAA does not independently confer subject matter jurisdiction on the federal courts. See, e.g., Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont, 565 F.3d 56, 63 (2d Cir. 2009); Perpetual Securities, Inc. v. Tang, 290 F.3d 132, 136 (2d Cir. 2002). "[T]here must be an independent basis of jurisdiction before a district court may entertain petitions" to confirm or vacate an award under the Act. Durant, 565 F.3d at 63 (internal quotation marks omitted).

LLC, 450 F.3d 100, 103 n. 1 (2d Cir. 2006) (internal quotation marks omitted).

## III.    STANDARD OF REVIEW

Confirmation of an arbitration award is generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)).  It is well settled that the court's function in confirming or vacating an Arbitrator's Award is "severely limited," Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997) (citations omitted) ("Willemijn"), and the district court "must grant" a petition to confirm the arbitration award "unless the award is vacated, modified, or corrected."  9 U.S.C. § 9.  The arbitrator need not explain his rationale for an award, and the district court will confirm the award "if a ground for the arbitrator's decision can be inferred from the facts of the case." D.H. Blair, 462 F.3d at 110 (quoting Barbier v. Shearson Lehman Hutton, Inc., 948 F.2d 117, 121 (2d Cir. 1991)).  A district court may vacate an arbitration award where an arbitrator acted in "manifest disregard of the law." Willemijn, 103 F.3d at 12 (citations omitted), but only "a barely colorable justification for the outcome reached" by the arbitrators is necessary to confirm the award. D.H. Blair, 462 F.3d at 110 (quoting Landy Michaels Realty Corp. v. Local 32B-32J, Service Employees Int'l Union, 954 F.2d 794, 797 (2d Cir. 1992)).  A party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high. Willemijn, 103 F.3d at 12.

4

**IV.    DISCUSSION**

Bletas opposes confirmation of the arbitration award, claiming (1) lack of personal jurisdiction due to improper service of process, and (2) lack of personal jurisdiction because SIBV's counsel allegedly committed fraud and perjury by submitting a false certificate of service.

Bletas argues that personal jurisdiction is lacking because she was improperly served.  Bletas previously raised this defense in her Motion to Dismiss, and the court (Dorsey, J.) has already ruled that Bletas forfeited her personal jurisdiction defense arising from improper service of process by participating in a settlement conference in this case on February 4, 2011, during which she did not raise the issue of defective service of process or expressly state that she did not waive the defense by participating in the conference.  See Ruling on Motions to Transfer and Dismiss (Doc. No. 91) at 5-6.

Bletas further claims the arbitration award should not be confirmed because SIBV Attorney Kristin Corcoran committed perjury and fraud upon the court by improperly serving SIBV's Application to Confirm Arbitration Award upon Bletas.  This claim is a mere reiteration of the personal jurisdiction defense Bletas raised in her Motion to Dismiss.  She may not now repackage that defense as a claim of fraud.

**IV.    CONCLUSION**

For the reasons herein, the Application to Confirm Arbitration Award (Doc. No. 1) is granted.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 2nd day of April, 2012.


        /s/ Janet C. Hall
Janet C. Hall
United States District Judge